DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Jessie Stringfield has appealed his conviction from the Wadsworth Municipal Court for driving under the influence of alcohol. This Court affirms.
 I.
On January 31, 1999, Officer Cindia of the city of Wadsworth Police Department received a dispatch, calling him to the area of College and Ault Streets in Wadsworth, Ohio. The dispatch reported a possible drunk driver operating a pick-up truck.
Thereafter, Officer Cindia observed the subject truck in a bay at a local car wash. He pulled his police cruiser into an adjacent parking lot. After a few minutes, the pick-up truck proceeded to back out of the car wash. As it turned around, it came to directly face the front of Officer Cindia's cruiser, i.e. "nose to nose." At that point, Officer Cindia observed Defendant operating the truck. There was also a passenger riding with Defendant. He then reversed the vehicle back into the car wash bay. Next, Defendant climbed out of the driver's side of the truck and made his way to the change machine, swaggering and stumbling the entire time.
Officer Cindia approached Defendant and asked why he had pulled back into the car wash. Defendant explained that he had forgotten to wash the underside of his truck. Defendant appeared disheveled, had glossy, bloodshot eyes and slurred his speech. He also smelled of alcohol. Thereupon, Officer Cindia conducted several field sobriety tests. Defendant exhibited six clues on the horizontal gaze nystagmus test, had difficulty maintaining his balance on the walk-and-turn test, could not follow directions and swayed during the one-leg stand test. After observing this performance, Officer Cindia placed Defendant under arrest.
As a result of the December 31, 1999 incident, Defendant was charged with driving under the influence of alcohol, in violation of R.C.4511.19(A)(1). After a jury trial, he was convicted and sentenced accordingly. Defendant timely appealed, asserting two assignments of error. Because they are interrelated, this Court will address them together.
 II. First Assignment of Error The trial court erred and thereby deprived [Defendant] of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution by overruling [Defendant's Crim.R. 29] motion for judgment of acquittal as the State failed to prove each and every element of driving under the influence beyond a reasonable doubt.
 Second Assignment of Error The jury verdict finding [Defendant] guilty of driving under the influence was not supported by sufficient evidence and was against the manifest weight of the evidence.
 For his first and second assignments of error, Defendant has argued that his conviction for driving under the influence of alcohol was not supported by the evidence presented at trial and that the verdict was against the manifest weight of the evidence. Specifically, Defendant has asserted that the State failed to establish that he was operating a vehicle at the time of the offense. This Court disagrees.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."
As an initial matter, evaluations of the sufficiency of the evidence put forth by the State and the weight of the evidence adduced at trial are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3. To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 386
("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law").
While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion.Id. at 390 (Cook, J. concurring). In determining whether the State has met its burden of persuasion, a reviewing court does not view the evidence in the light most favorable to the State. Gulley, supra, at 3. Instead, a reviewing court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily in favor of the defendant. Id.
In the instant case, Defendant was charged with driving under the influence of alcohol, in violation R.C. 4511.19(A)(1). That statute provides,
 (A) No person shall operate any vehicle * * * within this state, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse[.]
During trial, Officer Cindia specifically testified that he observed Defendant operating his truck on December 31, 1999 at the car wash in Wadsworth, Ohio. He also stated that he witnessed Defendant exit the vehicle from the driver's side after it had been backed into the car wash. Furthermore, the evidence indicates that Defendant had the smell of alcohol on his breath, that his eyes were glossy and bloodshot and that he had a disheveled appearance. Defendant also performed poorly on Officer Cindia's field sobriety tests.
In turn, Defendant has pointed to his passenger's testimony in which he, the passenger, claimed to have been driving the truck at the time Officer Cindia observed them. Nevertheless, this Court concludes that this is not an exceptional case in which the weight of the evidence warrants a new trial. The State met its burden of production and persuasion, and where a mere conflict in evidence exists and reasonable minds could reach differing conclusions upon issues of fact, a trial court's decision will go undisturbed. State v. Holt (Sept. 8, 1999), Lorain App. No. 97CA006985, unreported, at 3. In such a case, this Court will not sit as a thirteenth juror and overrule the jury's resolution of conflicting testimony. See Thompkins, 78 Ohio St.3d at 387, quoting Tibbsv. Florida (1982), 457 U.S. 31, 42, 72 L.Ed.2d 652, 661. Based on the evidence presented, this Court cannot say that the jury clearly lost its way and that Defendant's conviction is a manifest miscarriage of justice. As such, Defendant's assertion that the State failed to present sufficient evidence to support his conviction is also without merit. SeeState v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported at 4. Finally, this Court would add that Defendant's strained Due Process argument must likewise fail.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J., SLABY, J., CONCUR.